IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

FRED M. LOMANGINO, et al.,

        Plaintiffs,

v.                                         CIVIL ACTION NO.   2:21-cv-00501

POLARIS INDUSTRIES INC., et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Defendants' Motion to File Memorandum of Law in Support of Polaris' Motion for Partial Summary Judgment on Plaintiffs' Punitive Damages Claim Under Seal* (Document 68), the attached exhibits, and the *Memorandum of Law in Support of Defendants' Motion to File Polaris' Motion for Partial Summary Judgment on Plaintiffs' Punitive Damages Claims Under Seal* (Document 69).   The Court has also reviewed the *Defendants' Motion to File Memorandum of Law in Support of Polaris' Motion for Partial Summary Judgment on Plaintiffs' Breach of Implied Warranty of Merchantability and Breach of Implied Warranty of Fitness for a Particular Purpose Claims Under Seal* (Document 71), the attached exhibits, and the *Memorandum of Law in Support of Defendants' Motion to File Memorandum of Law in Support of Polaris' Motion for Partial Summary Judgment on Plaintiffs' Breach of Implied Warranty of Merchantability and Breach of Implied Warranty of Fitness for a Particular Purpose Claims Under Seal* (Document 72).

The Defendants seek to seal the memoranda of law in support of their motions for summary judgment and several exhibits, including the deposition of a minor child Plaintiff, expert reports, and Polaris' response to discovery requests.  They contend that the privacy interests of the minor child and protection of confidential and proprietary business information and trade secrets warrant sealing the documents.  They also note that some of the information at issue was subject to the Protective Order entered in this case.  They contend that redaction "is inadequate in this case because the documents contain confidential information regarding F.L., as well as extensive information and discussions on Polaris' proprietary business information and trade secrets." (Mem. at 3, Document 72.)

"The right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First Amendment."  *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004).  Under the common law, "[t]he trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests."  *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984) (noting factors may include "whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records").  District courts have discretion to determine "whether to grant or restrict access to judicial records or documents" based on the facts and circumstances of the case.  *Virginia Dep't of State Police*, 386 F.3d at 575.

In contrast, the First Amendment protects a narrower range of documents, but "[w]hen the First Amendment provides a right of access, a district court may restrict access only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." *Id.* (internal quotation marks omitted). "The burden to overcome a First Amendment right of access rests on the party seeking to restrict access, and that party must present specific reasons in support of its position." *Id.*

After determining whether the common law or First Amendment provides the right of access, a district court "must give the public notice of the request to seal and a reasonable opportunity to challenge the request; it must consider less drastic alternatives to sealing; and if it decides to seal it must state the reasons (and specific supporting findings) for its decision and the reasons for rejecting alternatives to sealing." *Id.* at 476. "Notifying the persons present in the courtroom of the request to seal or docketing it reasonably in advance of deciding the issue is appropriate" to provide public notice. *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984).[1]

Documents attached to a motion for summary judgment are subject to the First Amendment standard, even if the documents were "the subject of a pretrial discovery protective order." *Virginia Dep's of State Police*, 386 F.3d at 576; *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 252 (4th Cir. 1988) (explaining that discovery is "ordinarily conducted in private," while dispositive motions can "serve[] as a substitute for trial). Thus, the First Amendment standard applies here, and access can be restricted only if there is a compelling countervailing interest. Any such restriction must be narrowly tailored.

---

1 Although the motion to seal has been pending less than a week, the Court finds adequate notice to the public given that the Court declines to seal the bulk of the documents at issue. In addition, the Court will consider any objection to the redactions directed herein that may be filed following entry of this order. The Court is unaware of any particular non-party with an interest in these proceedings.

The Court finds that the minor Plaintiff's privacy interest is a compelling interest that outweighs any public right to access his identity. The minor Plaintiff's name is irrelevant to the substantive issues presented in this litigation and shielding his identity from public access will not impact the public's ability to understand the issues presented and meaningfully observe and review the dispositive motions. However, the minor Plaintiff's name and other identifying information, such as home addresses, can readily be redacted from both the Memoranda and his deposition, as well as any other exhibits in which it appears. With redaction of his name and identifying information such as his home address, the deposition does not reveal private information beyond that inherent in the litigation.

The bulk of the material that the Defendants seek to seal consists of expert reports and discovery documents that were subject to a protective order based on asserted proprietary business interests. Protection of trade secrets may, in some circumstances, be sufficient to justify sealing documents. *Level 3 Commc'ns, LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 582 (E.D. Va. 2009) (providing an overview of both in-circuit and out-of-circuit precedent). However, the party seeking to restrict access bears the burden of demonstrating specific reasons sufficient to overcome the public right of access. *Virginia Dep't of State Police*, 386 F.3d at 575. The Defendants offer only a bare assertion that these documents contain confidential and proprietary information, including trade secrets. They do not identify specific information that constitutes trade secrets or proprietary business information, and they do not detail the harm that would result from public access to that information. The documents the Defendants seek to seal are central to this litigation and the dispositive motions at issue. Sealing the expert reports and other material

in their entirety would leave anyone reviewing the motions, and any opinion resolving the motions, without the ability to discern core information and evidence.

Although the Court is currently unaware of any substantial public interest in this case, public access is designed not only to allow the press and the public to follow high-profile cases, but also to permit ongoing and future access. Law students or legal scholars review case files for law review articles, attorneys review past cases when similar litigation arises, and litigation may be a source of information for policy-makers considering, for example, safety regulations or for journalists reporting more broadly on either the courts or the subject matter of particular litigation. Thus, even absent a third party intervening to oppose the motion to seal or to request access, the Court cannot seal material protected by the First Amendment right of access without making the finding, with specific support, that some compelling countervailing interest warrants protecting the information at issue *and* that a less drastic alternative, such as redaction, is unworkable. Upon review of the materials, the Court does not find that they are so saturated with obviously confidential information that sealing is appropriate.

Therefore, after thorough review and careful consideration, the Court **ORDERS** that the *Defendants' Motion to File Memorandum of Law in Support of Polaris' Motion for Partial Summary Judgment on Plaintiffs' Punitive Damages Claim Under Seal* (Document 68) and the *Defendants' Motion to File Memorandum of Law in Support of Polaris' Motion for Partial Summary Judgment on Plaintiffs' Breach of Implied Warranty of Merchantability and Breach of Implied Warranty of Fitness for a Particular Purpose Claims Under Seal* (Document 71) be **GRANTED** to the extent they seek to limit public access to the name of the minor Plaintiff, and **DENIED** in all other respects. The Court further **ORDERS** that the Defendants redact the name

of the minor Plaintiff, any identifying information including home addresses, and the names of other minors contained in his testimony and in the memoranda and other exhibits. Finally, the Court **ORDERS** that the documents attached to the motions to seal be **STRICKEN** and that the Defendants file their memoranda and exhibits on the public docket, with the redactions detailed herein, no later than **Tuesday, February 21, 2023**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: February 16, 2023

*[Signature: Irene C. Berger]*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA