IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

FRED M. LOMANGINO, et al.,

          Plaintiffs,

v.                                    CIVIL ACTION NO.   2:21-cv-00501

POLARIS INDUSTRIES INC., et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Plaintiffs' Motion for Leave to File Certain Exhibits to Plaintiffs' Response in Opposition to Polaris' Motion for Partial Summary Judgment on Plaintiff's Punitive Damages Claim Under Seal* (Document 102), the *Memorandum of Law in Support of Plaintiffs' Motion for Leave to File Certain Exhibits to Plaintiffs' Response in Opposition to Polaris' Motion for Partial Summary Judgment on Plaintiffs' Punitive Damages Claim Under Seal* (Document 102-1), the *Plaintiffs' Motion for Leave to File Certain Exhibits to Plaintiffs' Response in Opposition to Polaris' Motion for Partial Summary Judgment on Plaintiffs' Breach of Implied Warranty of Merchantability and Breach of Implied Warranty of Fitness for a Particular Purpose Under Seal* (Document 105), the *Memorandum of Law in Support of Plaintiffs' Motion for Leave to File Certain Exhibits to Plaintiffs' Response in Opposition to Polaris' Motion for Partial Summary Judgment on Plaintiffs' Breach of Implied Warranty of Merchantability and Breach of Implied Warranty of Fitness for a Particular Purpose Under Seal* (Document 105-1), as well as the attached exhibits.

In both motions, the Plaintiffs seek to seal certain documents because they were designated as confidential pursuant to the protective order entered in this matter. As the Court previously explained in resolving a motion to seal filed by the Defendant, documents attached to a motion for summary judgment are subject to the First Amendment right of access, even if the documents were "the subject of a pretrial discovery protective order." *Virginia Dep's of State Police v. Washington Post*, 386 F.3d 567, 576 (4th Cir. 2004); *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 252 (4th Cir. 1988) (explaining that discovery is "ordinarily conducted in private," while dispositive motions can "serve[] as a substitute for trial). "When the First Amendment provides a right of access, a district court may restrict access only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." *Virginia Dep's of State Police*, 386 F.3d at 575 (internal quotation marks omitted). "The burden to overcome a First Amendment right of access rests on the party seeking to restrict access, and that party must present specific reasons in support of its position." *Id.*

The Plaintiffs' motions do not set forth adequate grounds to justify sealing the documents. Accordingly, the Court **ORDERS** that any party, that believes grounds for sealing the documents exist, submit a brief detailing the legal basis no later than **Tuesday, March 21, 2023**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

       ENTER:    March 16, 2023

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA