IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

FRED M. LOMANGINO, et al.,

           Plaintiffs,

v.                                      CIVIL ACTION NO.  2:21-cv-00501

POLARIS INDUSTRIES INC., et al.,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Plaintiffs' Motion for Leave to File Certain Exhibits to Plaintiffs' Response in Opposition to Polaris' Motion for Partial Summary Judgment on Plaintiff's Punitive Damages Claim Under Seal* (Document 102), the *Memorandum of Law in Support of Plaintiffs' Motion for Leave to File Certain Exhibits to Plaintiffs' Response in Opposition to Polaris' Motion for Partial Summary Judgment on Plaintiffs' Punitive Damages Claim Under Seal* (Document 102-1), the *Plaintiffs' Motion for Leave to File Certain Exhibits to Plaintiffs' Response in Opposition to Polaris' Motion for Partial Summary Judgment on Plaintiffs' Breach of Implied Warranty of Merchantability and Breach of Implied Warranty of Fitness for a Particular Purpose Under Seal* (Document 105), the *Memorandum of Law in Support of Plaintiffs' Motion for Leave to File Certain Exhibits to Plaintiffs' Response in Opposition to Polaris' Motion for Partial Summary Judgment on Plaintiffs' Breach of Implied Warranty of Merchantability and Breach of Implied Warranty of Fitness for a Particular Purpose Under Seal* (Document 105-1), as well as the attached exhibits.

The Court has also reviewed *Polaris' Brief in Support of Plaintiffs' Motions to File Under Seal* (Document 111) and the *Plaintiffs' Response to Polaris' Brief in Support of Plaintiffs' Motions to File Under Seal* (Document 113), both submitted in response to the Court's *Memorandum Opinion and Order* (Document 109) directing the parties to set forth grounds for sealing.

In both motions, the Plaintiffs seek to seal certain documents because they were designated as confidential pursuant to the protective order entered in this matter. Polaris does not seek to maintain the seal on certain warranty claims. With respect to the remaining documents, Polaris argues that the documents "contain confidential and proprietary information and trade secrets that would cause Polaris irreparable harm if they are made public." (Def. Resp. at 1.) Polaris emphasizes that the value of trade secrets rests in their secrecy, and the exhibits at issue contain design, development, testing, and production documents that constitute trade secrets. It notes that the information in these exhibits is restricted internally to a limited number of employees. It argues that releasing the documents would be of minimal benefit to the public, but substantially benefit its competitors. Polaris further argues that redaction is not practical because the documents as a whole consist of trade secrets. The Plaintiffs note that they filed the motion to seal only because doing so was required under the protective order and express no position with respect to whether the documents at issue meet the legal standard for sealing at this stage of proceedings.

As the Court previously explained in resolving a motion to seal filed by the Defendant, documents attached to a motion for summary judgment are subject to the First Amendment right of access, even if the documents were "the subject of a pretrial discovery protective order."

*Virginia Dep's of State Police v. Washington Post*, 386 F.3d 567, 576 (4th Cir. 2004); *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 252 (4th Cir. 1988) (explaining that discovery is "ordinarily conducted in private," while dispositive motions can "serve[] as a substitute for trial). "When the First Amendment provides a right of access, a district court may restrict access only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." *Virginia Dep's of State Police*, 386 F.3d at 575 (internal quotation marks omitted). "The burden to overcome a First Amendment right of access rests on the party seeking to restrict access, and that party must present specific reasons in support of its position." *Id.*

The Court has carefully reviewed the documents at issue. The warranty claims that Polaris does not seek to maintain under seal, at Document 102-4, 102-5, 102-6, 102-7, 102-8, 102-9, and 102-10, and at 105-4, 105-5, 105-6, 105-7, 105-8, 105-9, and 105-10, should all be filed on the public docket. The remaining documents contain technical engineering information that may include trade secrets. They would contribute little to the understanding of the issues being addressed for non-experts. Thus, the Court finds that Polaris has met its burden of presenting specific, compelling reasons supporting sealing that outweigh the public right of access.

Wherefore, after careful consideration, the Court **ORDERS** that the *Plaintiffs' Motion for Leave to File Certain Exhibits to Plaintiffs' Response in Opposition to Polaris' Motion for Partial Summary Judgment on Plaintiff's Punitive Damages Claim Under Seal* (Document 102) and the *Plaintiffs' Motion for Leave to File Certain Exhibits to Plaintiffs' Response in Opposition to Polaris' Motion for Partial Summary Judgment on Plaintiffs' Breach of Implied Warranty of Merchantability and Breach of Implied Warranty of Fitness for a Particular Purpose Under Seal* (Document 105) be **GRANTED in part**. The Court further **ORDERS** that Documents 102-4

through 102-10 and Documents 105-4 through 105-10 be **FILED on the public docket** and the remaining exhibits be **FILED under seal**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

        ENTER:    September 6, 2023

        _____
        IRENE C. BERGER
        UNITED STATES DISTRICT JUDGE
        SOUTHERN DISTRICT OF WEST VIRGINIA